# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:13CR00035-001 |
| v.          ) | **OPINION AND ORDER** |
| ) | |
| **MARVIN McBRIDE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.    ) | |

*Marvin McBride, Pro Se Defendant.*

The defendant, previously sentenced by this court, has filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant is not eligible for relief, and I will thus deny his motion.

McBride was convicted in this court of conspiring to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count 1), and possessing with the intent to distribute and distributing cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2). He was sentenced on July 16, 2015, to 144 months imprisonment on each count, to run concurrently.

McBride asserts that under § 404(b) of the 2018 FSA, his sentences for the drug trafficking convictions should be reduced. Section 2 of the 2010 FSA reduced certain of the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). The 2018 FSA provides that a court may, on motion of the defendant, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b). However, § 404(c) of the FSA 2018 contains an express limitation on the application of § 404(b). Even if a sentence involves a covered offense, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." FSA 2018 § 404(c); *United States v. Garcia*, No. 20-6075, 2021 WL 5294937, at *3 (4th Cir. 2020) (unpublished), *cert. denied,* 142 S. Ct. 1690 (2022).

McBride was sentenced after the FSA 2010. Moreover, he was sentenced based on 21 U.S.C. § 841(b)(1)(C), whose penalties were not modified by the FSA 2010. *Terry v. United States*, 141 S. Ct. 1858, 1862–64 (2021). Accordingly, McBride is ineligible for relief. *Id.*

It is **ORDERED** that the defendant's Motion for Resentencing, ECF No. 865, is DENIED.

ENTER: June 14, 2022

/s/  JAMES P. JONES
Senior United States District Judge

-3-